# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 20, 2023
Reissued for Public Availability: May 31, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| DAPHNE JONES, *on behalf of her son* | * | No. 18-1694V |
| R.E., *a minor*, | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Show Cause Order; |
| AND HUMAN SERVICES, | * | Failure to Prosecute |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

<u>Daphne Jones</u>, *pro se*, Parkville, MD, for Petitioner.
<u>Matthew Murphy</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On November 1, 2018, Daphne Jones ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that her son R.E. suffered from seizures as a result of measles, mumps, and rubella ("MMR") and varicella vaccines he received on November 9, 2015. Pet. at 1, ECF No. 1.

On March 30, 2022, I ordered Petitioner to file an expert report by no later than May 31, 2022. Scheduling Order, ECF No. 24. Petitioner missed her deadline, and Chambers emailed Petitioner regarding her missed deadline on five occasions, on July 27, 2022, August 25, 2022, October 6, 2022, October 28, 2022, and December 12, 2022. Informal Comm., docketed Dec. 30, 2022. Petitioner previously confirmed that the email address listed on her petition was her accurate email address. *See* Informal Comm., docketed Dec. 8, 2020.

On February 22, 2023, I issued a Show Cause Order. ECF No. 25. I noted that Petitioner had had 329 days to file an expert report or communicate with Chambers. *Id.* at 1. I ordered Petitioner to show cause why her case should not be dismissed for failure to prosecute by filing an expert report by March 24, 2023. I stated that "[f]ailure to an expert report by . . . March 24, 2023,

---

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on April 20, 2023, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

[would] be interpreted as a failure to prosecute this claim[]" and that "I [would] dismiss her petition." *Id.* Petitioner missed her March 24, 2023 deadline and has not communicated with Chambers.

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Petitioner has now had 386 days to file an expert report and 57 days to respond to my Show Cause Order. Petitioner's continued failure to file an expert report or communicate with Chambers indicates a disinterest in pursuing her claim. Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master
